**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

| | |
|---|---|
| VALARIE MILLER | ) |
| | ) |
|         Plaintiff, | ) |
|     v. | ) |
| | ) |
| COLLINGTON EPISCOPAL | ) |
| LIFE CARE COMMUNITY, INC. | )     Case No. |
| | ) |
| | ) |
|         Defendant, | ) |
| | ) |

## **COMPLAINT**

Comes now the Plaintiff, Valarie Miller, by and through undersigned counsel, and hereby files the instant Complaint against Collington Episcopal Life Care Community, Inc. ("Collington") under the Family Medical Leave Act, 29 U.S.C. §2601, *et seq.*, the Americans with Disabilities Act, 42 U.S.C. §12112, *et seq.* and Section 504 of the Rehabilitation Act.

## **THE PARTIES**

1.  Valarie Miller (hereinafter referred to as "Plaintiff" is a resident of the state of Maryland.)

2.  Plaintiff resides at 9801 Healy Ct., Upper Marlboro, MD 20772.

3.  At all times relevant to this complaint, Plaintiff has been a resident of the state of Maryland.

4.  Plaintiff is over the age of eighteen (18).

5.  Defendant, Collington Episcopal Life Care Community, Inc. d/b/a Collington Life Care Community ("Collington" or "Defendant") is a multi-million dollar development and community living corporation that develops and leases properties in the Washington, D.C. metropolitan area.

1

6.  Defendant conducts millions of dollars of business in the state of Maryland.

7.  Defendant conducts business from Defendant's properties and offices in the State of Maryland.

8.  Defendant has systematic and continuous business contacts with the State of Maryland and with Maryland Residents.

9.  Defendant's registered Agent for Service of Process in Maryland is Resagent, Inc. Seven St. Paul Street, Ste, 1900, Baltimore, MD 21202.

10. Defendant's Principle "office" and corporate headquarters are located at 10450 Lottsford Road, Mitchellville MD 20721.

11. Defendant is licensed to do business in the state of Maryland.

## **JURISDICTION**

12. The United States District Court for the District of Maryland has jurisdiction over this matter.

13. At all times relevant to this complaint, Plaintiff was employed by Defendant in the state of Maryland.

14. At all times relevant to this complaint, Plaintiff was a resident of the state of Maryland.

15. The employment actions and decisions described in this Complaint substantially occurred in  Maryland.

16. Plaintiff brings her claims pursuant to Title VII of the Civil Rights Act of 1964, The Americans with Disabilities Act of 1990 and the Family and Medical Leave Act.

17. Plaintiff's claims raise questions of federal law.

18. The United States District Court for the District of Maryland has personal jurisdiction over the parties as described in ¶¶ 1-18, *supra.*

2

**FACTS**

19.   In or around December 2016, Defendant hired Plaintiff as a "Human Resources Generalist."

20.   At all times relevant to this complaint, Plaintiff was supervised by Brenda Ables.

21.   Ms. Ables is an avid member of a Baptist Church community.

22.   Plaintiff is not a member of Ms. Ables's Church.

23.   Ms. Ables identifies as Baptist.

24.   Plaintiff is of a different religion than Ms. Ables.   Plaintiff identifies as Catholic.

25.   Several months after Plaintiff was hired, Ms. Ables authorized several employee hires.  The employees were members of Ms. Ables's Church.

26.   Ms. Ables's hired these employees due to their membership in Ms. Ables's Church and their shared Baptist religion.

27.   Ms. Ables hired a member of her Church to work as a Human Resources assistant in Collington's Human Resources department.

28.   Ms. Ables hired the Human Resources assistant due to her membership in Ms. Ables's Church and shared religion.

29.   There was no business need for a Human Resources assistant at the time that Ms. Ables made the decision to hire the Assistant.

30.   Prior to the Human Resources Assistant hire, Collington's Human Resources department had successfully operated with a staff of no more than two people.

31.   At all times relevant to this complaint, Plaintiff successfully performed the functions of her position as a Human Resources Generalist.

32.  At all times relevant to this complaint, Plaintiff was meeting the expectations of the position for which she was hired.

33.  In or around June 2018, Plaintiff was diagnosed with an Americans with Disabilities Act and Rehabilitation Act qualifying disability.

34.  In or around June 2018, Plaintiff was diagnosed with a  serious medical condition under the Family Medical Leave Act.

35.  In or around June 2018, Plaintiff had extreme kidney failure.

36.  Plaintiff's kidney failure required Plaintiff to undergo regular dialysis.

37.  Plaintiff's kidney failure constitutes a serious medical condition and ADA / Rehabilitation Act qualifying disability.

38.  In or around June 2018, Plaintiff asserted her right to Family Medical Leave Act leave and requested reasonable accommodations in connection with Plaintiff's disability.

39.  Plaintiff was entitled to take leave under the FMLA and Defendant is a covered employer under the FMLA.  Plaintiff had sufficient years of service and hours worked to qualify Plaintiff for coverage under the FMLA.

40.  Ultimately, Plaintiff was slated to return to work from FMLA / reasonable accommodation leave in or around January 2019.

41.  Within weeks of Plaintiff going out on FMLA leave, Ms. Ables offered a full-time Human Resources position to a member of Ms. Ables's Church.

42.  Within weeks of Plaintiff going out on FMLA leave, Ms. Ables offered a full-time Human Resources position to a member of Ms. Ables's religion.

4

43.  At the time that Ms. Ables's hired members of her Church and religion into Collington's Human Resources department, neither individual had any experience in Human Resources and were unqualified for the position.

44.  Within weeks of Plaintiff going out on FMLA leave, Ms. Ables promoted one of Ms. Ables's Church members, Ms. Smith, into Plaintiff's Human Resources Generalist position.

45.  On or about December 10 2018, prior to Plaintiff's scheduled return to Collington in January, 2019, Plaintiff was notified that she had been terminated from her position.

46.  Plaintiff was permanently replaced by a member of Ms. Ables's Church and religion, Ms. Smith.

47.  Ms. Smith did not have the qualifications for the Human Resources Generalist position.

48.  As a result of Plaintiff's termination, Plaintiff's position was no longer available to her upon her return from FMLA / reasonable accommodation leave.

49.  Plaintiff timely filed an administrative charge with the Equal Employment Opportunity Commission (EEOC) on July 11, 2019.

50.  Plaintiff has administratively exhausted all claims in this Complaint.

51.  Plaintiff received a right to sue letter from the EEOC on or about October 14, 2020. (Attachment 1).

## COUNT I – DISCRIMINATION (RELIGION) IN VIOLATION OF 42 U.S.C. §2000e, *et seq.*

52. Plaintiff hereby incorporates each of the preceding paragraphs as if fully re-stated herein.

53. Defendant discriminated against Plaintiff based on her religion and religious affiliation in violation of 42 U.S.C. §2000e, *et seq.*

54. Plaintiff is a member of a protected class.  Plaintiff is Catholic.

55. Plaintiff's religion, religious beliefs and/or religious affiliation are different than her supervisors and coworkers.

56. Plaintiff was satisfactorily performing the functions of her position at the time that Plaintiff was terminated and all times prior thereto.

57. Plaintiff was never disciplined for performance related issues prior to Plaintiff's termination.

58. Any performance related issues that Defendant may raise in this case are pretext for discrimination.  Defendant falsely attributed any alleged performance issues to Plaintiff.

59. Plaintiff has suffered adverse employment actions because of her religion, religious beliefs and/or religious affiliation.

60. Plaintiff was terminated from her job on December 10, 2018.

61. Plaintiff was treated differently from Plaintiff's coworkers that were of the same religion, religious beliefs and/or religious affiliation as Plaintiff's supervisor.

62. Plaintiff's supervisor replaced Plaintiff with an employee that was of the same religion, religious beliefs and/or religious affiliation as Plaintiff's supervisor.

63. Plaintiff was vastly more qualified for the Human Resources Generalist position than Ms. Smith.

64. Plaintiff was terminated and Ms. Smith was promoted because Plaintiff did not share the same religion, religious beliefs and/or religious affiliation as Plaintiff's supervisor and Ms. Smith.

65. A motivating factor for Plaintiff's termination and Ms. Smith's promotion was that Plaintiff did not share the same religion, religious beliefs and/or religious affiliation as Plaintiff's supervisor and Ms. Smith.

66. The aforementioned adverse actions adversely affected the terms and conditions of Plaintiff's employment.

67. At all times relevant to this Complaint, Plaintiff was successfully performing the functions of her position.

68. At all times relevant to this complaint, Plaintiff was successfully performing the functions of her position to a level to meet the Defendant's legitimate expectations.

69. As described more fully above, Defendants engaged in unlawful employment practices by treating Plaintiff differently than Plaintiff's similarly situated coworkers outside of Plaintiff's protected class with respect to the terms and conditions of Plaintiff's employment.

70. Plaintiff was terminated because of Plaintiff's religion, religious beliefs and/or religious affiliation.

71. Plaintiff's religion, religious beliefs and/or religious affiliation was a motivating factor in Plaintiff's termination.

72. Defendants' actions were willful and malicious.

73.  Plaintiff administratively exhausted her remedies prior to filing this suit.

74.  Plaintiff has suffered and continues to suffer substantial pecuniary and non-pecuniary damages.

75.  Plaintiff has suffered severe stress, anxiety and depression and other mental and physical anguish as a result of Defendant's actions.

76.  For count I, Plaintiff seeks Damages, including punitive damages, injunctive relief, or other civil relief as authorized by 42 U.S.C. §2000e, *et seq.*

77.  Plaintiff requests judgment on Count I in an amount exceeding $75,000.00

78.  Plaintiff seeks an award of attorneys fees, costs, compensatory damages, punitive damages, backwages, pre-judgment and post-judgment interests, injunctive relief and all other relief available under the law.

**COUNT II – FAILURE TO ACCOMMODATE IN VIOLATION OF The Americans with Disabilities Act**

79.  Plaintiff hereby incorporates each of the preceding paragraphs as if fully re-stated herein.

80.  Defendant failed to accommodate Plaintiff in violation of The Americans with Disabilities Act.

81.  Plaintiff has a qualifying disability.

82.  Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities.

83.  Plaintiff is substantially limited in the major life activities of working, standing, walking, kidney function, among others.

84.  Defendant had notice of Plaintiff's disability.

85.   Plaintiff could perform the essential functions of her job with a reasonable accommodation.

86.   Defendant refused to make such an accommodation.

87.   Defendants' actions were willful and malicious.

88.   Plaintiff administratively exhausted her remedies prior to filing this suit.

89.   Plaintiff has suffered and continues to suffer substantial pecuniary and non-pecuniary damages.

90.   Plaintiff has suffered severe stress, anxiety and depression and other mental and physical anguish as a result of Defendant's actions.

91.   For Count II, Plaintiff seeks damages, including punitive damages, injunctive relief, or other civil relief as authorized by the Americans with Disabilities Act.

92.   Plaintiff requests judgment on Count II in an amount in excess of $75,000.

93.   Plaintiff seeks an award of attorneys fees, costs, compensatory damages, punitive damages, backwages, pre-judgment and post-judgment interests, injunctive relief and all other relief available under the law.

**COUNT III – DISCRIMINATION (DISABILITY) IN VIOLATION OF The Americans with Disabilities Act 42 U.S.C. §12112, *et seq.***

94.   Plaintiff hereby incorporates each of the preceding paragraphs as if fully re-stated herein.

95.   Defendant discriminated against Plaintiff in violation of The Americans with Disabilities Act.

96.   Plaintiff has a disability.

97.   Plaintiff has a physical impairment that substantially limits one or more of Plaintiff's major life activities.

9

98. Plaintiff is substantially limited in the major life activities of working, standing, walking, kidney function, among others.

99. Plaintiff was regarded and/or perceived as having a disability.

100. Plaintiff had a record of having a disability.

101. Defendant had notice of Plaintiff's disability.

102. Plaintiff could perform the essential functions of her job with a reasonable accommodation.

103. Defendant refused to make such an accommodation.

104. Plaintiff was terminated from her position because of her disability.

105. Plaintiff was terminated from her position because Plaintiff was regarded as having a disability.

106. Plaintiff was terminated from her position because Plaintiff has a record of having a disability.

107. Defendants' actions were willful and malicious.

108. At all times relevant to this complaint, Plaintiff was successfully performing the functions of her position to a level to meet the Defendant's legitimate expectations.

109. Plaintiff administratively exhausted her remedies prior to filing this suit.

110. Plaintiff has suffered and continues to suffer substantial pecuniary and non-pecuniary damages.

111. Plaintiff has suffered severe stress, anxiety and depression and other mental and physical anguish as a result of Defendants actions.

112. For count III, Plaintiff seeks damages, including punitive damages, injunctive relief, or other civil relief as authorized by the Americans with Disabilities Act.

113.   Plaintiff requests judgment on count III in an amount in excess of $75,000.

114.   Plaintiff seeks an award of attorneys fees, costs, compensatory damages, punitive

damages, backwages, pre-judgment and post-judgment interests, injunctive relief

and all other relief available under the law.

### COUNT IV – RETALIATION IN VIOLATION
### OF The Family Medical Leave Act, 29 U.S.C. §2615, *et esq.*

115.   Plaintiff hereby adopts and incorporates all aforesaid paragraphs as if herein stated.

116.   Plaintiff was an eligible employee entitled to FMLA benefits.

117.   Defendant is a covered employee under the FMLA.

118.   Plaintiff applied for FMLA leave and availed herself of a protected right under the

FMLA to care for a serious health condition.

119.   Plaintiff engaged in protected activity under the FMLA.

120.   Plaintiff availed herself of leave under the FMLA.

121.   Plaintiff requested leave under the FMLA.

122.   Plaintiff had a qualifying FMLA condition.

123.   Plaintiff had a serious medical condition qualifying Plaintiff for FMLA leave.

124.   Defendant had notice of Plaintiff's protected activity.

125.   Plaintiff's protected activity was causally connected to Defendant's decision to

terminate Plaintiff.

126.   Defendant discharged Plaintiff because Plaintiff availed herself of her rights  under

the FMLA.

127.   Defendant used Plaintiff's FMLA leave as a negative factor in its decision to

discharge Plaintiff.

128. There was a causal link between Plaintiff's use of FMLA leave, requests for FMLA leave and protected activity and Plaintiff's termination.

129. At all times relevant to this complaint, Plaintiff was successfully performing the functions of her position to a level to meet the Defendant's legitimate expectations.

130. Defendant violated the FMLA 29 U.S.C. §2615(a)(2) when Defendant terminated Plaintiff for engaging in protected activity under the FMLA.

131. Plaintiff has suffered and continues to suffer substantial pecuniary and non-pecuniary damages.

132. Plaintiff has suffered severe stress, anxiety and depression and other mental and physical anguish as a result of Defendant's actions.

133. For count IV, Plaintiff seeks damages, including punitive damages, injunctive relief, or other civil relief as authorized by the Family and Medical Leave Act.

134. Plaintiff requests judgment on count IV in an amount in excess of $75,000.

135. Plaintiff seeks an award of attorneys fees, costs, compensatory damages, punitive damages, backwages, pre-judgment and post-judgment interests, injunctive relief and all other relief available under the law.

### COUNT V – INTERFERENCE IN VIOLATION
### OF The Family Medical Leave Act, 29 U.S.C. §2615, *et esq.*

136. Plaintiff hereby adopts and incorporates all aforesaid paragraphs as if herein stated.

137. Plaintiff was an eligible employee entitled to FMLA benefits.

138. Defendant is covered entity under the FMLA.

139. Plaintiff gave Defendant adequate notice of Plaintiff's intention to take FMLA leave.

140.   Plaintiff applied for FMLA leave and availed herself of a protected right under the FMLA to care for a serious health condition.

141.   Plaintiff availed herself of leave under the FMLA.

142.    Plaintiff had a qualifying FMLA condition.

143.   Plaintiff had a serious medical condition qualifying Plaintiff for FMLA leave.

144.   Defendant failed to return Plaintiff to work as required by the FMLA.

145.   Plaintiff would not have been terminated had Plaintiff not requested and taken FMLA leave.

146.   At all times relevant to this complaint, Plaintiff was successfully performing the functions of her position to a level to meet the Defendant's legitimate expectations.

147.   Prior to Plaintiff taking FMLA leave, Plaintiff had never been disciplined for poor performance and Plaintiff was satisfactorily performing the duties of her position.

148.   Defendant terminated Plaintiff and/or refused to return Plaintiff to her position.

149.   Defendant terminated Plaintiff and/or refused to return Plaintiff to her position thereby denying Plaintiff's FMLA leave benefits.

150.   Defendant terminated Plaintiff and/or refused to return Plaintiff to her position at the conclusion of Plaintiff's FMLA leave benefits.

151.   Defendant intended to deprive Plaintiff of the ability to return to work under the FMLA.

152.   Defendant discharged Plaintiff because Plaintiff availed herself of her rights  under the FMLA.

153.   Plaintiff has suffered and continues to suffer substantial pecuniary and non-pecuniary damages as a result of Defendant's actions.

154.  Plaintiff has suffered severe stress, anxiety and depression and other mental and physical anguish as a result of Defendant's actions.

155.  For count V, Plaintiff seeks damages, including punitive damages, injunctive relief, or other civil relief as authorized by the Family and Medical Leave Act.

156.  Plaintiff requests judgment on count V in an amount in excess of $75,000.

157.  Plaintiff seeks an award of attorneys fees, costs, compensatory damages, punitive damages, backwages, pre-judgment and post-judgment interests, injunctive relief and all other relief available under the law.

## COUNT VI – RETALIATION IN VIOLATION OF SECTION 504 OF THE REHABILITATION ACT OF 1973, AS AMENDED

158.  Plaintiff hereby adopts and incorporates all aforesaid paragraphs as if herein stated and states.

159.  Plaintiff was discriminated and retaliated against under a program and/or activity receiving federal financial assistance.

160.  Defendant receives substantial federal financial assistance.

161.  Plaintiff engaged in protected activity under the Rehabilitation Act.

162.  Plaintiff notified Defendant that she was disabled, under the meaning of the Rehabilitation Act and requested leave that was protected under the Act.

163.  Plaintiff also requested a reasonable accommodation under the Rehabilitation Act.

164.  Defendant discharged Plaintiff because of Plaintiff's protected activities.

165.  Defendant terminated Plaintiff because of Plaintiff's protected activities.

166.  Plaintiff requests judgment on count VI in an amount in excess of $75,000.

167. Plaintiff seeks an award of attorneys fees, costs, compensatory damages, punitive damages, backwages, pre-judgment and post-judgment interests, injunctive relief and all other relief available under the law.

## JURY DEMAND

168. Plaintiff demands a trial by jury on all counts.

Respectfully submitted,

**_Daniel E. Kenney, Esq_**
Daniel E. Kenney, Esq.
DK Associates, LLC
5425 Wisconsin Avenue, Suite 600
Chevy Chase, MD 20815
202-430-5966 Phone
dan@dkemployment.com
Bar No. 18369

**_Morris E. Fischer, Esq._**
Morris E. Fischer, Esq.
Morris E. Fischer, LLC
8720 Georgia Ave, Suite 210
Silver Spring, MD 20910
301-328-7631 Phone
morris@mfischerlaw.com
Bar No. 26286

Attorneys for Plaintiff